United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30381
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN L. BYRD,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 02-CR-101-1
---------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Marvin L. Byrd appeals his conviction, after guilty plea, for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Byrd pleaded guilty conditioned upon his right to appeal the district court's denial of his motion to suppress evidence gained by a police officer in a warrantless detention and search. Byrd argues that the district court erred when it denied his motion to suppress evidence because the officer who searched him had no objectively reasonable basis to detain him and that the detention and pat down search, which led

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to the discovery of the firearm and Byrd's confession, fails under the standard set forth in Terry v. Ohio, 392 U.S. 1, 22 (1968).

Suppression hearing testimony indicates that before the officer conducted the pat down search or otherwise detained Byrd, see United States v. Watson, 953 F.2d 895, 897 n.1 (1992), the officer observed Byrd in a high crime area where homes were frequently abandoned and then taken over by people who were involved in criminal activity, it was midnight, Byrd was on the porch of a house that appeared to be under construction, Byrd initially admitted that he did not reside in the house and indicated that he did not know how to reach the owner, and Byrd appeared nervous. Also, from prior drug investigations that the officer had conducted in the same area of town, the officer recognized Byrd as someone who frequented areas of high drug use. The totality of the circumstances thus indicates that the officer had a reasonable, articulable suspicion to conduct the investigatory stop. See United States v. Jordan, 232 F.3d 447, 448-49 (5th Cir. 2000); United States v. Holloway, 962 F.2d 451, 459 & n.22 (5th Cir. 1992). When the officer conducted the pat down search, which is permitted once an investigatory stop is properly made, see Jordan, 232 F.3d at 449, the officer saw a crack cocaine pipe sticking out of Byrd's back pocket. Additionally, a firearm was visible inside the open doorway of

the house.  The district court therefore did not err when it denied Byrd's motion to suppress.

The judgment of the district court is AFFIRMED.